IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE ZION** *individually and as Representative of the Estate of Nicholas Haniotakis.* **TAYLOR HANIOTAKIS, NIKKI HANIOTAKIS, BENJAMIN HANIOTAKIS,**<br><br>               Plaintiffs,<br><br>        v.<br><br>**TROOPER SAMUEL NASSAN, SGT. TERRENCE DONNELLY, LT. DAVID HECKMAN, CAPT. SHELDON EPTEIN, COMMISSIONER FRANK PAWLOWSKI, MAJOR TERRY SEILHAMER** *in Their Individual Capacities*,<br><br>               Defendants. | CIVIL ACTION NO.   09-383 |

## **MEMORANDUM OPINION and ORDER**

CONTI, District Judge.

### *Background*

Pending before this court are several motions for reconsideration. On December 29, 2009, defendant Trooper Samuel Nassan ("Nassan") filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (ECF No. 63). On January 26, 2010, three motions to dismiss were filed pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) motion to dismiss amended complaint filed by Nassan (ECF No. 71), (2) motion to dismiss amended complaint filed by defendant Sergeant Terrence Donnelly ("Donnelly") (ECF No. 70), and (3) motion to dismiss filed by defendants Commissioner Frank Pawlowski, Major Terry Seilhamer, Captain

Sheldon Epstein, and Lieutenant David Heckman (collectively "supervisory defendants," and together with Nassan and Donnelly, "defendants") (ECF No. 73). All three motions to dismiss and the motion for sanctions related to the amended complaint (ECF No. 54) filed by plaintiffs Diane Zion, Taylor Haniotakis, Nikki Haniotakis, and Benjamin Haniotakis (collectively "plaintiffs").

On July 23, 2010, the court issued a memorandum opinion and order ("Mem. Op." (ECF No. 86)) denying the motions to dismiss and motion for sanctions. On August 5, 2010, Nassan filed a motion for reconsideration (ECF No. 87). On August 6, 2010, supervisory defendants filed a motion for reconsideration (ECF No. 88). On August 25, 2010, Donnelly filed a motion for reconsideration and to join Nassan's August 5, 2010 motion (ECF No. 89). All three motions for reconsideration relate to the memorandum opinion and order dated July 23, 2010. For the reasons that follow, the motions will be denied.

## *Legal Standard*

A motion to reconsider "must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice." Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 313-14 (M.D. Pa. 1994), aff'd, 31 F.3d 1175 (3d Cir. 1994). Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. Rottmund v. Continental Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. Williams v. Pittsburgh, 32 F. Supp. 2d 236,

238 (W.D. Pa. 1998). With regard to the third ground, litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Id. at 314 n.3 (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

*Discussion*

Defendants argue the court erred in denying their motions to dismiss and motion for sanctions with respect to the claims asserted by plaintiffs arising from the death of Nicholas Haniotakis ("Mr. Haniotakis").[1] In the memorandum opinion, the court determined that, accepting the factual allegations raised in the amended complaint as true, plaintiffs established a plausible § 1983 claim for excessive force, in violation of Mr. Haniotakis's Fourth Amendment rights under the United States Constitution. The court reasoned the amended complaint did not contain allegations which would provide a basis for qualified immunity with respect to Nassan and Donnelly at that time. With respect to plaintiffs' claim pursuant to § 1983 against supervisory defendants, the court concluded plaintiffs alleged sufficient facts that if proven and believed could establish supervisory defendants violated Mr. Haniotakis's civil rights by acting with deliberate indifference to, or tacit authorization of, Nassan's conduct. With respect to Nassan's motion for sanctions, the court concluded Geoffrey N. Fieger, who is counsel for plaintiffs, under the circumstances did not violate Rule 11.

---

[1] For purposes of the instant motions for reconsideration, the court assumes familiarity with its prior memorandum opinion dated July 23, 2010. Zion v. Nassan, No. 09-383, 2010 WL 2926218 (W.D. Pa. July 23, 2010) (ECF No. 86). The operative facts will be discussed in this opinion only to the extent that they are directly relevant to the issues raised in support of (or in opposition to) the motions for reconsideration.

Defendants argue the memorandum opinion contains clear errors of fact, which caused the court to make clear errors of law.[2] Specifically, defendants contend the court misstated the position of defendants with respect to whether Mr. Haniotakis' car was "stopped" at the time Nassan and Donnelly opened fire. (Nassan's Mot. for Recons. ("Nassan's Mot.") (ECF No. 87) at 2.) Defendants assert the court erred when it "applied the presumption of truthfulness" to the "stopped" allegation because it "overlooked the facts proven by the police photographs" attached to Nassan's motion for sanctions. (Id. at 2, 10.) Because the court made these erroneous findings, defendants argue, the court applied incorrect legal standards to determine whether Nassan and Donnelly's actions were reasonable under the circumstances. (Id. at 14.) Defendants argue the court erred because it did not conduct Rule 11 hearings and because it treated the sanctions issues separately from the motions to dismiss. Finally, defendants assert the errors of fact led the court to postpone a determination of the qualified immunity issue.[3]

Plaintiffs respond that defendants' arguments ignore the requirement that, at the motion to dismiss stage, factual allegations in the complaint must be accepted by the district court as true and the court must view the facts in a light most favorable to plaintiffs. (Pls.' Br. in Opp'n to Nassan's Mot. for Recons. ("Pls.' Br.") (ECF No. 90) at 5.) Plaintiffs argue defendants' "factual arguments are more appropriately reserved for a Rule 56 motion *after* discovery." (Id.) Plaintiffs assert the court properly held it would not consider defendants' photographs and other exhibits attached to Nassan's motion for sanctions in ruling upon the motions to dismiss, "since their consideration would convert the motions to dismiss into motions for summary judgment." (Id. at 8; Mem. Op. at 12 n.4.) Plaintiffs argue the photographs used by defendants do not depict

---

[2] To the extent the arguments asserted in Nassan's motion for reconsideration are similar to the arguments raised by his co-defendants, the court collectively considers those arguments. (See Supervisory Defs.' Mot. for Recons. (ECF No. 88) ¶ 1; Donnelly Mot. for Recons. (ECF No. 89) ¶ 3.)

[3] Supervisory defendants do not challenge the court's reasoning or conclusions in the memorandum opinion with respect to their involvement in the deprivation of Mr. Haniotakis' Fourth Amendment rights. The court will therefore not revisit that discussion.

the scene at the time of the shooting, or where the officers or vehicles were in relation to each other. (Pls.' Br. at 9.) Plaintiffs contend the photographs are not dispositive of whether Mr. Haniotakis posed a risk of harm to the officers or others, or whether his car was stopped at the time of the shooting. (Id.)

Defendants fail to show the availability of new evidence not previously available or an intervening change in controlling law to support the motions for reconsideration. Defendants' motions for reconsideration, therefore, are best understood as premised on a need to correct a clear error of law or to prevent manifest injustice. Defendants, however, did not meet this burden.

I. **Timeliness of Donnelly's motion for reconsideration**

The court does not view the instant motions for reconsideration as the "functional equivalent" of a Rule 59(e) motion seeking to alter or amend judgment. Plaintiffs filed an objection to Donnelly's motion for reconsideration as untimely because it was filed beyond Rule 59(e)'s twenty-eight-day time period following the court's order on July 23, 2010. (See Pls.' Mot. to Strike (ECF No. 93) ¶ 7.) On August 25, 2010, Donnelly filed his motion for reconsideration – thirty-three days after the memorandum opinion and order dated July 23, 2010. Donnelly indicated his intent to join Nassan's motion for reconsideration dated August 5, 2010. (Donnelly Mot. for Recons. (ECF No. 89) ¶ 3.)

The Western District of Pennsylvania does not have a local rule requiring motions for reconsideration to be filed within a particular time period. Because the pending motions for reconsideration are not subject to the filing requirements under Rule 59(e) and plaintiffs point to no prejudice to them, the court views Donnelly's motion for reconsideration as timely filed.[4]

---

[4] Even if the court construed Donnelly's motion as one to alter or amend a judgment, the motion would be considered timely filed. A party's untimely motion is considered timely filed when a co-party's timely motion

## II. Motions to dismiss

In ruling upon a motion to dismiss, a court must accept as true all factual allegations raised in a complaint. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009); see Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006). The court does not, however, have to accept the truth of "legal conclusions couched as factual allegations" or "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Donnelly v. O'Malley & Langan, PC, No. 09-3910, 2010 WL 925869, at *2 (3d Cir. Mar. 16, 2010) (quoting Iqbal, 129 S. Ct. at 1949); see Mays v. Truppo, No. 09-4772, 2010 WL 715362, at **2-3 (D.N.J. Feb. 22, 2010) (noting that the first "working principle" set forth in Iqbal is that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

### a. Failure to state a claim that Mr. Haniotakis's Fourth Amendment rights were violated

In the July 23, 2010 memorandum opinion, the court set forth its reasons for denying the motions to dismiss. The court found all conclusions in the complaint that Mr. Haniotakis was not a "threat of harm" to the police officers were not entitled to be accepted as true, because there were insufficient factual allegations to support the conclusion. (Mem. Op. at 8-9.) Conversely, evidence that Mr. Haniotakis had alcohol and other drugs in his system on the night of the incident did not establish as a matter of law that Mr. Haniotakis was operating his vehicle in an aggressive or reckless manner at the time of his death. (Id. at 11.)

---

"clearly raise[s] the [other party's] arguments for reconsideration" and the opposing party did not suffer lack of notice of the matters to be reconsidered. Martin v. Monumental Life Ins. Co., 240 F.3d 223, 238 (3d Cir. 2001). Here, Nassan's arguments raised in his timely motion for reconsideration clearly implicate the rights of Donnelly with respect to whether the force used by Nassan and Donnelly against Mr. Haniotakis was reasonable under the circumstances and whether Nassan and Donnelly are entitled to qualified immunity at this stage in the proceedings. Plaintiffs do not allege any prejudice due to a lack of notice concerning issues raised for reconsideration. Donnelly makes no independent argument for reconsideration in his motion; rather, he explicitly requests to join Nassan's motion for reconsideration. Under those circumstances, Donnelly's motion would be considered timely filed.

The factual allegations in the amended complaint reflect that Mr. Haniotakis could not have been operating his vehicle in a reckless manner during the moments preceding his death because his vehicle was stopped. (Id.); see Boring v. Google, Inc., No. 09-2350, 2010 WL 318281, at *2 (3d Cir. Jan. 28, 2010) (noting that, although Iqbal provides that legal conclusions do not have to be accepted as true, the court "must accept the truth of all factual allegations in the complaint and *must draw all reasonable inferences in favor of the non-movant*") (emphasis added). The amended complaint contained allegations that the shooting occurred after the vehicular chase ended and after the area was or could have been secured from danger. Because of those factual allegations, the court applied the Fourth Amendment reasonableness factors promulgated in Graham v. Connor, 490 U.S. 386 (1989), to the actions of Nassan and Donnelly at the time of the shooting. (Mem. Op. at 14-15.) The court did not apply the Fourth Amendment caselaw of Scott v. Harris, 550 U.S. 372 (2007), and other decisions that involved reckless driving because the court could not infer *based upon the amended complaint* "that Nicholas Haniotakis *at the time he was shot* was operating his vehicle in a reckless manner . . . ." (Mem. Op. at 15 (emphasis added).)

Even assuming Mr. Haniotakis was operating his vehicle recklessly during the chase, the factual allegations, viewed in plaintiffs' favor, reflect that Nassan and Donnelly used deadly force to seize Mr. Haniotakis which would be unreasonable under the circumstances if the allegations are proven to be true.

> Nicholas Haniotakis stopped his vehicle and police officers had the ability to set up a barrier prior to opening fire upon him. The officers shot Nicholas Haniotakis in the back . . . . At this stage there are no factual allegations that would justify the use of deadly force in this situation, and the amended complaint adequately asserts actions of force on the part of Nassan and Donnelly that, in accordance with the principles set forth in Graham, were unreasonable under the circumstances alleged.

7

(Mem. Op. at 17.)

Defendants assert throughout the motions for reconsideration that the court mischaracterized the sequence of events involving the car chase and shooting because of plaintiffs' "blatantly deceptive pleading." (Nassan's Mot. at 4.) Defendants contend the court misunderstood their position with respect to whether Mr. Haniotakis's car was "stopped" at the time he was shot. (Id. at 2.) Defendants argue the car was not in a resting position at the time of the shooting; rather, the car was moving in reverse towards the officers. (Id. at 13.) Defendants assert they have produced "uncontested photographic evidence" that shows Mr. Haniotakis was engaged in a "continuous reckless flight" because the photographs depict Mr. Haniotakis's car crashed into a telephone pole blocks away from the scene of the shooting. (Id. at 11.) Defendants argue that if the court had properly considered the photographs and their position concerning whether the car was stopped, the court should have concluded the actions of Nassan and Donnelly were reasonable under the circumstances.

Defendants' argument is based upon a flawed premise. Defendants appear to ignore the court's obligation to consider the factual allegations raised in plaintiffs' amended complaint as true for purposes of deciding a motion to dismiss. Tellingly, defendants do not reference in their motions for reconsideration the legal principles set forth in Iqbal concerning motions to dismiss. Defendants instead attack the veracity of the factual allegations by introducing their own facts to support the position that Mr. Haniotakis was operating his vehicle recklessly before and at the time he was shot.

In ruling upon a motion to dismiss, a district court generally is "not permitted to go beyond the facts alleged in the [c]omplaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997). "[A] court must consider only the complaint, exhibits attached to

8

the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); see, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (considering a contract attached as an exhibit to a motion to dismiss because the complaint's claims were based upon the contract). A court may also consider "legal arguments presented in memorandums or briefs and arguments of counsel." Pryor v. NCAA, 288 F.3d 548, 559 (3d Cir. 2006). A district court may look beyond those items and address the Rule 12(b)(6) motion as one requesting summary judgment. "The court is not permitted to look at matters outside the record; if such matters are considered, the [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss is, by the express terms of [Federal Rule of Civil Procedure] 12(b), converted into a motion for summary judgment." Id. at 560.

Nassan attached the photographs to his Rule 11 motion for sanctions and the photographs are outside the pleadings. Defendants do not assert the amended complaint's claims are based upon the photographs. Nassan acknowledged, and the court agrees, that such evidence should not be considered in analyzing the motions to dismiss. (See Br. in Supp. of Mot. for Sanctions (ECF No. 64) at 3 n.1; Mem. Op. at 12 n.4.) If the court considered such evidence, defendants' motions to dismiss would have been converted into a motion for summary judgment. See Season-All Indus., Inc. v. Turkiye Sise Ve Cam Fabrikalari, A.S., 425 F.2d 34, 36 (3d Cir. 1970) (a motion to dismiss with exhibits attached was properly treated under Rule 12(b) as a motion for summary judgment "since the motion contained factual allegations which were not already on the record"); Garlanger v. Verbeke, 223 F. Supp. 2d 596, 606 n.4 (D.N.J. 2002) (the court did not consider any of the attached exhibits in resolving the defendant' motion to dismiss, because doing so would cause the motion to be treated as a motion for summary judgment under Rule 56,

9

and the plaintiff did not have a reasonable opportunity to present any evidentiary materials necessary to respond to such a motion).

The photographs attached to Nassan's Rule 11 motion may, if admissible and consistent with probative testimony, support the position that Mr. Haniotakis was operating his car in a reckless manner when he was shot, but a motion to dismiss is not the appropriate motion in which to raise these factual allegations. The court is not permitted to weigh the factual allegations in the amended complaint against those made by defendants to determine which facts are credible. That undertaking is not the function of the court. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."); E.S. Originals Inc. v. Totes Isotoner Corp., No. 08-1945, 2010 WL 3305708, at *4 (S.D.N.Y. Aug. 20, 2010) ("'[A] disputed issue of fact . . . is inappropriate to consider in the context of a Rule 12(b)(6) motion.'") (alteration in original) (quoting DiBlasio v. Novello, 334 F.3d 292, 304 (2d Cir. 2003)).

In the memorandum opinion, the court discussed Nassan's position concerning whether the car was stopped at the time of the shooting, stating, "Nassan . . . does not specifically refute that Nicholas Haniotakis's car was stopped at the time he was shot – Nassan argues it was stopped because Nicholas Haniotakis hit a telephone pole . . . ." (Mem. Op. at 37.) While Nassan asserted the car *eventually* stopped because it hit a telephone pole, he did not argue the car impacted the telephone pole *at the time* Mr. Haniotakis was shot. (See Nassan's Br. in Supp. of Mot. to Dismiss (ECF No. 72) at 4, 7; Nassan's Br. in Supp. of Mot. for Sanctions (ECF No. 64) at 3.) The motions to dismiss implicated that the car was stopped when Mr. Haniotakis was shot.

10

Nassan clarifies his position in the motion for reconsideration. He contends Mr. Haniotakis was shot while driving, continued driving, and crashed into a telephone pole which permanently stopped the vehicle. That clarification, however, does not change the outcome. See Liu v. Mukasey, 553 F.3d 37, 40 (1st Cir. 2009) (affirming the trial court's rejection of the petitioner's motion for reconsideration because "it failed to identify any *material* error of law or fact") (emphasis added); Somerville v. Snyder, No. 98-219, 2002 WL 202104, at *1 (D. Del. Feb. 4, 2002) ("A motion for reconsideration is not appropriate where the matter for reconsideration would not reasonably have altered the result previously reached by the court."). Nassan's argument now that Mr. Haniotakis's car was not stopped at the time of the shooting is disputed by the factual allegations in the amended complaint – that the car was stopped when Nassan and Donnelly exited their vehicle and opened fire on Mr. Haniotakis. Because there is obviously a factual dispute regarding whether Mr. Haniotakis's car was stopped when he was shot in the back, the court must allow discovery to go forward in order for the parties and the court to have the benefit of a fully developed record. Defendants do not identify a clear error of law or manifest injustice committed by the court, and the motions for reconsideration are denied without prejudice for defendants to raise these issues in a motion for summary judgment based upon a fully developed record.[5]

### b. Qualified immunity

In the memorandum opinion, the court held qualified immunity could not be established from the factual allegations on the face of the amended complaint. The court recognized the tension between the guarantees of qualified immunity and the requirements of notice pleading.

---

[5] Defendants argue that the photographs clearly and unequivocally demonstrate the car was not stopped at the moment Mr. Haniotakis was shot in the back. The photographs, however, do not show the time of the shooting or where the shooting occurred. The parties should meet and confer in order for defendants to present to plaintiffs' counsel the evidence supporting this allegation.

In light of that tension, the court did not hold plaintiffs to a higher pleading standard with respect to qualified immunity – defendants have the burden of demonstrating that affirmative defense. (See Mem. Op. at 21.) The court permitted defendants to file answers asserting the factual allegations which support their claims to qualified immunity and required plaintiffs to reply to the answers in order to address the qualified immunity defense as soon as possible. The court's analysis of the alleged errors does not change the court's previous findings with respect to qualified immunity – the factual allegations in the amended complaint do not show defendants can demonstrate qualified immunity. The parties are directed to follow the court's instructions outlined in the memorandum opinion. An order will be entered to change the date by which an answer and reply must be filed.

## III. Motion for sanctions

Nassan's arguments in his motion for reconsideration with respect to the court's errors in considering the Rule 11 motion are intertwined with his arguments concerning the motions to dismiss – that the court misunderstood his position with respect to whether the car was stopped, and that the court failed to consider properly the photographs and other evidence. In the memorandum opinion, the court analyzed Nassan's Rule 11 motion in detail. (See Mem. Op. 36-40.) Nassan's arguments for reconsideration of the Rule 11 motion do not raise any new material factual issues, and the arguments do not depart from arguments already considered supra regarding the motions to dismiss. The court will not reconsider its holding concerning the Rule 11 motion. See Rottmund, 813 F. Supp. at 1107.

*Conclusion*

For the reasons set forth above, and in the July 23, 2010 memorandum opinion and order entered in the above-captioned civil action, the motions for reconsideration shall be and hereby are denied.

## Order

THE COURT HEREBY ORDERS that the motion for reconsideration filed by Trooper Samuel Nassan (ECF No. 87), the motion for reconsideration filed by Commissioner Frank Pawlowski, Major Terry Seilhamer, Captain Sheldon Epstein, and Lieutenant David Heckman (ECF No. 88), and the motion for reconsideration filed by Sergeant Terence Donnelly (ECF No. 89) are DENIED.

THE COURT FURTHER ORDERS that defendants shall file answers to the amended complaint by November 11, 2010, and that, within twenty-one days of the filing of the answers, plaintiffs must file a reply responding to the factual allegations in the answers. This ruling is without prejudice to defendants' ability to file motions for judgment on the pleadings with respect to qualified immunity after plaintiffs reply to the answers.

By the court,

Dated: October 21, 2010

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
U.S. District Court Judge